[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15300

_____

Agency No. A074-348-828

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 4, 2011
JOHN LEY
CLERK

MARGARET OLAYINKA LANIER,
a.k.a. Carol Denise Bryant,
a.k.a. Andrea Unis Saunders,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 4, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

BARKETT, Circuit Judge:

Petitioner Margaret Olayinka Lanier, a citizen and native of Nigeria and a

lawful permanent resident of the United States, seeks judicial review of a decision by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") order that Lanier be removed to Nigeria. Lanier argues that the IJ and BIA erred as a matter of law in determining that she was statutorily ineligible to apply for a discretionary waiver of removal under § 212(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(h).[1]

Lanier entered the United States without inspection in 1992. In 1996, she became eligible for and was able to adjust her status to that of a lawful permanent resident. In 2007, the Department of Homeland Security charged Lanier as removable for having committed an aggravated felony and a crime involving moral turpitude. She conceded that she was removable as charged, but filed an emergency motion requesting that the IJ permit her to apply for a waiver of removability pursuant to § 212(h) of the INA on the grounds that her daughter, a U.S. citizen who suffers from sickle cell anemia, would suffer hardship if the United States removed her. The IJ did not address the merits of Lanier's application, ruling instead that Lanier's conviction for an aggravated felony

---

[1] The § 212(h) discretionary waiver is typically referred to as the "waiver of inadmissibility," as INA § 212 sets forth grounds upon which an alien can be denied admission to the United States, as well as conditions under which certain of those grounds can be waived. However, the waiver is also available in removal proceedings. Yeung v. I.N.S., 76 F.3d 337, 340 (11th Cir. 1995).

rendered her statutorily ineligible to apply for a § 212(h) waiver. The IJ thus ordered Lanier's removal to Nigeria and the BIA affirmed.

Section 212(h)(1)(B) of the INA gives the Attorney General the discretion to waive the immigration consequences of certain criminal convictions if a person demonstrates that her removal or denial of admission would result in extreme hardship to a U.S. citizen family member. INA § 212(h)(1)(B), 8 U.S.C. § 1182(h)(1)(B). However, certain persons are barred from seeking a discretionary waiver under § 212(h), which states in relevant part:

> No waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if . . . since the date of such admission the alien has been convicted of an aggravated felony . . . .

INA § 212(h), 8 U.S.C. § 1182(h).

Lanier argues that the IJ and BIA erred in finding that this provision applies to her. She contends that, because she adjusted to lawful permanent resident status after she had been living in the United States, she is not a person who has "previously been admitted to the United States as an alien lawfully admitted for permanent residence" as the statute requires. Thus, the issue before us on appeal is whether adjusting to lawful permanent resident status while already living in the United States qualifies as having "previously been admitted to the United States as

3

an alien lawfully admitted for permanent residence" under INA § 212(h).[2]

We review questions of statutory interpretation de novo, looking first and foremost to the statutory text "to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." Delgado v. U.S. Att'y Gen., 487 F.3d 855, 862 (11th Cir. 2007) (quoting D'Angelo v. ConAgra Foods, Inc., 422 F.3d 1220, 1235 (11th Cir. 2005); see Quinchia v. U.S. Att'y Gen., 552 F.3d 1255, 1258 (11th Cir. 2008). "Absent a clearly expressed legislative intent to the contrary, the plain and unambiguous language of the statute must prevail." Gonzales v. McNary, 980 F.2d 1418, 1421 (11th Cir. 1993) (quoted with approval in Ward v. U.S. Att'y Gen., 608 F.3d 1198, 1201 (11th Cir. 2010)).

The statute provides that the § 212(h) waiver is not available to an "an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence." INA § 212(h), 8 U.S.C. § 1182(h) (emphasis added). This provision contains two terms that each have been expressly defined by Congress: "admitted" and "lawfully admitted for permanent residence." Our interpretation of this statute thus requires us to assess the effect of each term on

---

[2] We have jurisdiction to review the legal question of whether Lanier is statutorily eligible to apply for a § 212(h) waiver. Vila v. U.S. Att'y Gen., 598 F.3d 1255, 1257 (11th Cir. 2010) (citing 8 U.S.C. § 1252(a)(2)(D)).

4

the meaning of this provision as a whole. See United States v. Velez, 586 F.3d 875, 877 (11th Cir. 2009) (holding that courts must look to specific context in which statutory language is used and give effect to every word in a statute where possible).

Congress has defined the phrase "lawfully admitted for permanent residence" as a term of art meaning "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws." INA § 101(a)(20), 8 U.S.C. § 1101(a)(20). This definition describes a particular immigration status, without any regard for how or when that status is obtained. Thus, this term of art encompasses all persons with lawful permanent resident status, including those who obtained that status prior to or at the time of their physical entry into the United States, as well as those who adjusted their status while already living in the United States. See Martinez v. Mukasey, 519 F.3d 532, 546 (5th Cir. 2008) (definition "encompass[es] both admission to the United States as a [lawful permanent resident] and post-entry adjustment to [lawful permanent resident] status").

There is no dispute that Lanier has been "lawfully admitted for permanent residence," and that she obtained such status after already living in the United

States for several years. However, § 212(h) does not simply say that a waiver is not available to "an alien lawfully admitted for permanent residence," which would indicate that <u>all</u> lawful permanent residents are barred from § 212(h) relief. Instead, it says that a waiver is not available to "an alien who has <u>previously been admitted to the United States as</u> an alien lawfully admitted for permanent residence." INA § 212(h), 8 U.S.C. § 1182(h) (emphasis added); <u>see</u> <u>Hing Sum v. Holder</u>, 602 F.3d 1092, 1095 (9th Cir. 2010) (parsing statute into two distinct phrases); <u>Martinez</u>, 519 F.3d at 544-45 (same). By including the additional condition of having "previously been admitted" as a lawful permanent resident, Congress has narrowed the class of lawful permanent residents who are barred from seeking this waiver. Thus Lanier's eligibility to seek a waiver turns on whether she has "previously been admitted to the United States as" a lawful permanent resident.

The term "admitted" has expressly been defined by Congress as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." INA § 101(a)(13)(A), 8 U.S.C. § 1101(a)(13)(A). This definition is limited, and does not encompass a post-entry adjustment of status. <u>See</u> <u>Martinez</u>, 519 F.3d at 544 ("'admission' is the lawful <u>entry</u> of an alien after inspection, something quite different, obviously, from post-entry adjustment of

status") (emphasis in original); <u>Aremu v. Dep't of Homeland Sec.</u>, 450 F.3d 578, 581 (4th Cir. 2006) ("the statutory definition of 'admission' does not include adjustment of status"). <u>See generally</u> <u>Burgess v. United States</u>, 553 U.S. 124, 130 (2008) (Where Congress expressly defines a statutory term, that definition "generally excludes any meaning that is not stated.") (citation omitted).

Thus, when the statutory provision is read as a whole, the plain language of § 212(h) provides that a person must have physically entered the United States, after inspection, as a lawful permanent resident in order to have "previously been admitted to the United States as an alien lawfully admitted for permanent residence." Based on this unambiguous text, we find that the statutory bar to relief does not apply to those persons who, like Lanier, adjusted to lawful permanent resident status while already living in the United States.[3] <u>See</u> <u>Martinez</u>, 519 F.3d at 544 (holding that for statutory bar to § 212(h) waiver to apply, "when the alien is granted permission, after inspection, to enter the United States, he must then be admitted as an LPR").[4]

---

[3] The government argues that we should defer to the BIA's interpretation of "admitted" as used in § 212(h) to include post-entry adjustment of status. <u>See</u> <u>Matter of Koljenovic</u>, 25 I. & N. Dec. 219, 221 (BIA 2010). Because we find no ambiguity in the statutory text, however, we accord no deference to the BIA's interpretation of § 212(h). <u>See</u> <u>Chevron, U.S.A., Inc. v. Natural Res. Defense Council, Inc.</u>, 467 U.S. 837, 842-44 (1984).

[4] As the Fifth Circuit explained in <u>Martinez</u>, plausible reasons exist for why Congress would choose to distinguish between aliens who entered the country as lawful permanent

Accordingly, Lanier's petition for review is GRANTED and this matter is REMANDED to the BIA with instructions to remand to the immigration court so that Lanier may seek a waiver of removal pursuant to INA § 212(h), 8 U.S.C. § 1182(h).

**PETITION GRANTED** and **REMANDED**.

---

residents and those who adjusted to lawful permanent resident status post-entry, including: (1) Congress wanted to take an incremental approach to addressing its ultimate goal of removing criminal aliens; and (2) Congress determined that aliens who adjusted their status are more deserving of access to the waiver. 519 F.3d at 545. Given these rational explanations for the distinction between the two types of lawful permanent residents, the Fifth Circuit concluded, as do we, that it was not at liberty to override the plain, unambiguous text of § 212(h). Id. In addition, defining "admitted" to exclude post-entry adjustment to LPR status is bolstered by the "'longstanding principle of construing any lingering ambiguities in deportation statutes in favor of the alien.'" Id. at 544 (quoting I.N.S. v. Cardoza-Fonseca, 480 U.S. 421, 449 (1987)).