[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 28, 2011
JOHN LEY
CLERK

No. 10-11670
Non-Argument Calendar
_____

Agency No. A029-594-004


KAREN ANGELITA ARTEAGA-RIVERA,

                                                              Petitioner,

                           versus

U.S. ATTORNEY GENERAL,

                                                              Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 28, 2011)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Karen Arteaga-Rivera ("Arteaga") petitions for review of the final order of the Board of Immigration Appeals ("BIA"), which affirmed the immigration judge's ("IJ") finding that she was ineligible for a waiver of inadmissibility under Immigration and Nationality Act ("INA") § 212(h), 8 U.S.C. § 1182(h) ("§ 212(h) waiver"). In her petition, Arteaga argues that: (1) she is prima facie eligible for a § 212(h) waiver because she adjusted her status to a lawful permanent resident ("LPR"), rather than being admitted as an LPR; and (2) alternatively, assuming the eligibility requirements apply, she argues that the BIA erred in determining that she was ineligible for § 212(h) relief as she had not been convicted of an aggravated felony and had lawfully resided in the United States for a continuous seven years before the commencement of her removal proceedings. After thorough review, we grant the petition and remand for further proceedings.[1]

Because the BIA issued its own opinion without expressly adopting the IJ's opinion or reasoning, we review only the BIA's decision. Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009). We review questions of law, including the BIA's statutory interpretations, de novo. Jaggernauth v. U.S. Att'y Gen., 432 F.3d

---

[1] As an initial matter, we consider our jurisdiction to review the issues presented. Notably, we issued jurisdictional questions to the parties and both parties responded that we retain jurisdiction to review Arteaga's petition, as she presents purely legal issues concerning her eligibility for a § 212(h) waiver. We agree. See 8 U.S.C. § 1252(a)(2)(D).

2

1346, 1350 (11th Cir. 2005). However, following the principles of Chevron deference, when we review the BIA's construction of a statute that it administers, we "will defer to the BIA's interpretation of [the] statute if it is reasonable and does not contradict the clear intent of Congress." Quinchia v. U.S. Att'y Gen., 552 F.3d 1255, 1258 (11th Cir. 2008) (quotation omitted).

In general, INA § 212(a) lists the classes of aliens who are inadmissible to the United States and ineligible to receive visas. It provides that individuals who have committed crimes of moral turpitude are inadmissible. 8 U.S.C. § 1182(a)(2)(A)(i)(I). Nevertheless, Section 212(h)(1)(B) gives the Attorney General discretion to waive inadmissibility in the case of an alien who is the spouse or parent of a U.S. citizen, if the alien establishes that the denial of her admission will result in extreme hardship to the U.S. citizen. 8 U.S.C. § 1182(h)(1)(B). However, § 212(h) limits that discretion and provides:

> [n]o waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if either since the date of such admission the alien has been convicted of an aggravated felony or the alien has not lawfully resided continuously in the United States for a period of not less than 7 years immediately preceding the date of initiation of proceedings to remove the alien from the United States.

8 U.S.C. § 1182(h) (emphases added).

3

Section 101(a)(13)(A) of the INA defines the term "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). "The term 'lawfully admitted for permanent residence' means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." 8 U.S.C. § 1101(a)(20). Finally, INA § 245(i) provides that for adjustment in status of aliens physically present in the United States, but who entered the United States without inspection, the alien "may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(i).

We recently held, in Lanier v. U.S. Att'y Gen., __ F.3d __, 2011 WL 338787, *3 (11th Cir. Feb. 4, 2011), that under the plain language of the statute, "§ 212(h) provides that a person must have physically entered the United States, after inspection, as a lawful permanent resident in order to have 'previously been admitted to the United States as an alien lawfully admitted for permanent residence.'" Id. We therefore concluded that Section 212(h)'s "statutory bar to relief does not apply to those persons who . . . adjusted to lawful permanent resident status while already living in the United States." Id.

In this case, Arteaga entered the United States without inspection on or about November 27, 1988, and was granted LPR status in the United States on August 27, 1999. Thereafter, Arteaga was convicted of conspiring to commit and committing bank fraud -- which is considered to be a crime involving moral turpitude for purposes of the INA. However, because, as in Lanier, Arteaga adjusted status post entry to that of an LPR, she is not subject to the eligibility requirements of § 212(h). Accordingly, Arteaga remains eligible for discretionary relief under Section 212(h)(1)(B), which gives the Attorney General discretion to waive inadmissibility in the case of an alien who is the spouse or parent of a U.S. citizen, if the alien establishes that the denial of her admission will result in extreme hardship to the U.S. citizen. 8 U.S.C. § 1182(h)(1)(B). We therefore grant Lanier's petition for review, and remand for the BIA to determine in the first instance whether Arteaga is entitled to § 212(h) relief as a matter of discretion.

**PETITION GRANTED AND REMANDED.**