# Matter of Javier Jesus ESPINOSA GUILLOT, Respondent

*Decided December 6, 2011*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien who has adjusted status to that of a lawful permanent resident pursuant to the Cuban Refugee Adjustment Act of November 2, 1966, Pub. L. No. 89-732, 80 Stat. 1161, as amended, has been admitted to the United States and is subject to charges of removability under section 237(a) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a) (2006).

FOR RESPONDENT: Brad Alexander, Esquire, Miami, Florida

FOR THE DEPARTMENT OF HOMELAND SECURITY: Ana Maria Candela and Timothy M. Cole, Assistant Chief Counsels

BEFORE: Board Panel: GRANT, MALPHRUS, and MULLANE, Board Members.

GRANT, Board Member:

In a decision dated February 16, 2011, an Immigration Judge terminated the removal proceedings against the respondent. The Department of Homeland Security ("DHS") has appealed from that decision. The respondent opposes the appeal. The appeal will be sustained, the removal proceedings will be reinstated, and the record will be remanded.

The respondent is a native and citizen of Cuba who was paroled into the United States on June 15, 1995. On June 23, 1997, he adjusted his status to that of a lawful permanent resident pursuant to the Cuban Refugee Adjustment Act of November 2, 1966, Pub. L. No. 89-732, 80 Stat. 1161, as amended ("Cuban Adjustment Act"). The respondent was convicted on December 14, 2009, of trafficking in cannabis in violation of section 893.135(1)(a) of the Florida Statutes. On the basis of this conviction, he was charged with removability under sections 237(a)(2)(A)(iii) and (B)(i) of the Immigration and Nationality Act, 8 U.S.C. §§ 1227(a)(2)(A)(iii) and (B)(i) (2006), as an alien convicted of an aggravated felony and a controlled substance violation.

The Immigration Judge terminated the removal proceedings, finding that the respondent had not been admitted to the United States and was therefore not removable under section 237(a) of the Act as an alien who was "in and

admitted to the United States." In reaching this conclusion, the Immigration Judge relied on the decision of the United States Court of Appeals for the Eleventh Circuit in *Lanier v. U.S. Attorney General*, 631 F.3d 1363 (11th Cir. 2011). The DHS has appealed, arguing that the Immigration Judge erred in finding that the respondent's adjustment of status was not an admission for purposes of section 237(a) of the Act. We review this question of law de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2011).

An adjustment of status generally constitutes an admission. *See Matter of Rosas*, 22 I&N Dec. 616, 618-20 (BIA 1999) (holding that adjustment of status is an admission for purposes of section 237(a)(2)(A)(iii) of the Act); *see also Matter of Alyazji*, 25 I&N Dec. 397, 408 & n.9 (BIA 2011) (explaining that for purposes of section 237(a)(2)(A)(i), the "date of admission" is the date of adjustment of status if the respondent adjusted status after entering the United States without inspection); *Matter of Carrillo*, 25 I&N Dec. 99 (BIA 2009) (holding that when determining whether an alien whose status was adjusted pursuant to the Cuban Adjustment Act is removable as an alien who has been convicted of a crime involving moral turpitude committed within 5 years after the "date of admission," the admission date is calculated according to the rollback provision of section 1 of the Cuban Adjustment Act, rather than the date adjustment of status was granted); *Matter of Rodarte*, 23 I&N Dec. 905, 908 (BIA 2006) (holding that adjustment is an admission for purposes of section 212(a)(9)(B)(i)(II) of the Act, 8 U.S.C. §§ 1182(a)(9)(B)(i)(II) (2006)); *Matter of Shanu*, 23 I&N Dec. 754, 756-57 (BIA 2005) (holding that adjustment is an admission for purposes of section 237(a)(2)(A)(i)), *overruled in part by Matter of Alyazji*, 25 I&N Dec. at 397-98.

The Immigration Judge's reliance on *Lanier v. U.S. Attorney General*, 631 F.3d 1363, is misplaced. The Eleventh Circuit considered the language of section 212(h) of the Act in that case, emphasizing that a waiver is not available to "an alien who has previously been *admitted* to the United States *as an alien lawfully admitted for permanent residence*." *Id*. at 1365-66. In construing this provision, the court noted that the terms "admitted" and "lawfully admitted for permanent residence" have been expressly defined by Congress and must be assessed to determine "the effect of each term on the meaning of this provision as a whole." *Id*. at 1366.

The phrase "lawfully admitted for permanent residence" is defined in section 101(a)(20) of the Act, 8 U.S.C. § 1101 (a)(20) (2006), as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws." In *Lanier*, the Eleventh Circuit concluded that this term of art "encompasses all persons with lawful permanent resident status," including those who entered as lawful permanent residents and those who adjusted their status

while already living in the United States. *Lanier v. U.S. Att'y Gen.*, 631 F.3d at 1366. The court then held that the term "admitted," which is defined by section 101(a)(13) of the Act as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer," is limited and "does not encompass a post-entry adjustment of status." *Id.* (citing *Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008)). The court concluded that "when the statutory provision is *read as a whole*, the plain language of § 212(h) provides that a person must have physically entered the United States, after inspection, as a lawful permanent resident in order to have 'previously been admitted to the United States as an alien lawfully admitted for permanent residence.'" *Id.* at 1366-67 (emphasis added).

The Eleventh Circuit was thus relying on the particular language of section 212(h) in *Lanier*, and that holding should not be read to extend to other provisions of the Act. The Cuban Adjustment Act expressly authorizes the Attorney General to adjust the status of an alien who is a native or citizen of Cuba and who has been "paroled into the United States" to "that of an alien lawfully *admitted* for permanent residence." Cuban Adjustment Act § 1, 80 Stat. at 1161 (emphasis added). Thus, the plain language of the statute provides that an alien who has not otherwise been admitted may be deemed admitted for permanent residence by operation of adjustment of status. Further, section 237(a) of the Act, the provision under which the respondent is charged with removability, only requires that the alien be "in and admitted to the United States." Thus, neither the adjustment statute nor the removal provision applicable in this case includes language similar to the unique term in section 212(h) that was the subject of the court's interpretation in *Lanier*.

Extending the reasoning in *Lanier* to the broader interpretation of the term "admission" in sections 101(a)(13)(A) and (20) of the Act could create absurd results. *See Matter of Alyazji*, 25 I&N Dec. at 399 & n.2 (noting that if adjustment of status were not considered an admission, many lawful permanent residents would be considered inadmissible, despite their lawful status, based on their presence in the United States without having been admitted, and, likewise, many lawful permanent residents would be ineligible for certain immigration benefits, such as cancellation of removal under section 240A(a) of the Act, 8 U.S.C. §§ 1229b(a) (2006)); *Matter of Rosas*, 22 I&N Dec. at 621, 623 (noting that if the term "admitted" did not include those afforded lawful permanent resident status through the adjustment process, they would face exposure to removal under section 212(a)(6)(A)(i) and would be ineligible for relief under section 240A(a)).

It would be equally absurd and contrary to the plain language of the statute when considered as a whole to conclude that an alien, such as the respondent, who has been convicted of drug trafficking is excluded from the class of "deportable aliens" enumerated in section 237(a) of the Act. Consequently,

we hold that the respondent was admitted to the United States and was therefore properly charged with removability under section 237(a) of the Act. Accordingly, the DHS's appeal will be sustained, the decision of the Immigration Judge will be vacated, and the removal proceedings will be reinstated. The record will be remanded to the Immigration Judge for further proceedings.

**ORDER:** The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.