# Matter of E. W. RODRIGUEZ, Respondent

*Decided May 2, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  In removal proceedings arising within the jurisdictions of the United States Courts of Appeals for the Fourth, Fifth, and Eleventh Circuits, an aggravated felony conviction disqualifies an alien from relief under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h) (2006), only if the conviction occurred after the alien was admitted to the United States as a lawful permanent resident following inspection at a port of entry. *Bracamontes v. Holder*, Nos. 10-2033, 10-2280, 2012 WL 1037479 (4th Cir. Mar. 29, 2012); *Martinez v. Mukasey*, 519 F.3d 532 (5th Cir. 2008); and *Lanier v. U.S. Attorney General*, 631 F.3d 1363 (11th Cir. 2011), followed in jurisdiction only.

(2)  In removal proceedings arising outside the Fourth, Fifth, and Eleventh Circuits, section 212(h) relief is unavailable to any alien who has been convicted of an aggravated felony after acquiring lawful permanent resident status, without regard to the manner in which such status was acquired. *Matter of Koljenovic*, 25 I&N Dec. 219 (BIA 2010), reaffirmed.

FOR RESPONDENT:  Anne E. Kennedy, Esquire, Houston, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Roslyn Gonzalez, Assistant Chief Counsel

BEFORE: Board Panel: GUENDELSBERGER and ADKINS-BLANCH, Board Members. Dissenting Opinion:  PAULEY, Board Member.

GUENDELSBERGER, Board Member:

In a decision dated May 27, 2011, an Immigration Judge found the respondent removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2006), as an alien convicted of an aggravated felony, determined that he was ineligible for a waiver of inadmissibility under section 212(h)(1)(B) of the Act, 8 U.S.C. § 1182(h)(1)(B) (2006), and ordered him removed from the United States. On October 11, 2011, we dismissed the respondent's appeal from that decision.  The respondent has filed a timely motion to reconsider pursuant to section 240(c)(6) of the Act, 8 U.S.C. § 1229a(c)(6) (2006).  In his motion, the respondent argues that our prior decision was erroneous because it failed

to follow controlling circuit precedent regarding his eligibility for a waiver of inadmissibility under section 212(h)(1)(B). The motion to reconsider will be granted and the record will be remanded for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The respondent is a native and citizen of El Salvador who entered the United States without inspection on December 25, 1981. His status was adjusted to that of a lawful permanent resident on March 8, 1989, pursuant to the "legalization" program in section 245A of the Act, 8 U.S.C. § 1255a (1988).[1] On December 17, 2007, the respondent was convicted of bank fraud in violation of 18 U.S.C. § 1344 (2006). The respondent has conceded removability, so there is no dispute that his conviction renders him removable as an alien convicted of an aggravated felony. Accordingly, the only issue before us is whether the respondent has established that he is eligible for relief from removal, as required by section 240(c)(4)(A) of the Act.

## II. ANALYSIS

The respondent seeks adjustment of status, a form of relief that can only be granted to an alien who has been "inspected and admitted or paroled" into the United States and who demonstrates, among other things, that he is "admissible to the United States for permanent residence." Section 245(a) of the Act, 8 U.S.C. § 1255(a) (2006). The respondent does not presently satisfy the "admissibility" requirement for adjustment, however, because his bank fraud conviction renders him inadmissible under section 212(a)(2)(A)(i)(I) of the Act as an alien convicted of a crime involving moral turpitude. To overcome his inadmissibility and qualify for adjustment of status, the respondent needs a waiver under section 212(h)(1)(B) of the Act. *See Matter of Parodi*, 17 I&N Dec. 608, 611 (BIA 1980). To qualify for this waiver, the respondent must establish, inter alia, that a "denial of admission" would result in extreme hardship to certain relatives and that he deserves a favorable exercise of discretion. Section 212(h)(1)(B) of the Act; *see also Matter of Mendez*, 21 I&N Dec. 296 (BIA 1996).

---

[1] Section 245A of the Act, which was codified pursuant to section 201 of the Immigration Reform and Control Act of 1986, Pub. L. No. 99-603, 100 Stat. 3359, 3394, authorized the Attorney General to confer lawful permanent resident status on individuals who had been unlawfully present in the United States for a continuous period beginning before January 1, 1982.

A.  Section 212(h) Aggravated Felony Bar

According to the Immigration Judge, the respondent is ineligible for a section 212(h)(1)(B) waiver—and by extension adjustment of status—because he was convicted of an aggravated felony after having been admitted to lawful permanent residence.  In support of that determination, the Immigration Judge relied on the penultimate sentence of the undesignated paragraph appearing at the end of section 212(h), which states as follows, in pertinent part:

> No waiver shall be provided under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if . . . since the date of such admission the alien has been convicted of an aggravated felony. . . .[2]

In his motion to reconsider, the respondent argues, as he did on appeal, that the above-quoted "aggravated felony bar" does not apply to him because he was never "admitted to the United States as an alien lawfully admitted for permanent residence," and that the Immigration Judge's decision to the contrary was invalid because it conflicted with the decision of the United States Court of Appeals for the Fifth Circuit in *Martinez v. Mukasey*, 519 F.3d 532 (5th Cir. 2008).  In *Martinez*, the Fifth Circuit reviewed a decision in which the Board applied the aggravated felony bar to deny section 212(h) relief to an individual who had originally been admitted to the United States as a nonimmigrant but who had sustained an aggravated felony conviction after adjusting to lawful permanent resident status.  The *Martinez* court reversed our denial of relief, holding that the statutory phrase "an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence" was unambiguous and referred exclusively to individuals who had lawfully entered the United States as permanent residents after inspection at a port of entry, *not* to aliens who had acquired lawful permanent residence through adjustment of status from within the United States after entry.  *Id*. at 542-46.  Reasoning by negative inference, the *Martinez* court held that "for aliens who adjust post-entry to LPR status, § 212(h)'s plain language demonstrates unambiguously Congress' intent *not* to bar them from *seeking* a waiver of inadmissibility."  *Id.* at 546.

In our decision dismissing the respondent's appeal, we acknowledged *Martinez v. Mukasey* but concluded that it was distinguishable on its facts

---

[2]  This so-called "aggravated felony bar" was codified by section 348(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-639.

because it involved an alien who had adjusted to lawful permanent resident status after having been admitted as a nonimmigrant at a port of entry, whereas the respondent had adjusted status under the legalization program without ever having previously been admitted. Since the respondent had adjusted to lawful permanent resident status without a prior admission, we concluded that his case was controlled by *Matter of Koljenovic*, 25 I&N Dec. 219 (BIA 2010), in which we distinguished *Martinez* as follows:

> The respondent cites *Martinez v. Mukasey* to support his claim that he is eligible for a waiver under section 212(h) of the Act. In that case, the alien was admitted after inspection as a nonimmigrant visitor and subsequently adjusted his status to that of a lawful permanent resident under section 245A of the Act. The . . . Fifth Circuit . . . held that "for aliens who adjust post-entry to LPR status, § 212(h)'s plain language demonstrates unambiguously Congress' intent *not* to bar them from *seeking* a waiver of inadmissibility." However, *Martinez* did not consider whether the same rule would apply in a case like the respondent's where the alien was not previously admitted. Indeed, if we were to literally apply the Fifth Circuit's holding to this case, the respondent would have no admission date at all. Given that the Fifth Circuit did not have to confront the factual scenario presented here, we are not persuaded by respondent's contention that *Martinez* should control.

*Id.* at 223 (citations omitted).[3]

In his motion to reconsider, the respondent maintains that *Martinez* is not meaningfully distinguishable because the Fifth Circuit's central holding—that the section 212(h) aggravated felony bar applies only to those who have been lawfully admitted as permanent residents at a port of entry—clearly inures to the benefit of any alien who (like himself) acquired lawful permanent resident status without admission. In further support of his argument, the respondent invokes the Eleventh Circuit's recent decision in *Lanier v. U.S. Attorney General*, 631 F.3d 1363 (11th Cir. 2011), which rejected *Koljenovic* and applied the rationale of *Martinez* in a factual setting virtually identical to that presented here. *See also Bracamontes v. Holder*, Nos. 10-2033, 10-2280, 2012 WL 1037479 (4th Cir. Mar. 29, 2012) (following *Martinez* and *Lanier* and holding that an alien convicted of an aggravated felony after adjusting to lawful permanent resident status is not ineligible for section 212(h) relief). Finally, the respondent accurately points out that the Board

---

[3] In *Matter of Koljenovic*, we interpreted the phrase "an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence" in connection with the statutory requirement that a lawful permanent resident must show 7 years of continuous lawful residence prior to the commencement of removal proceedings. Although this case involves an aggravated felony conviction rather than the continuous lawful residence requirement, the operative statutory phrase is the same in both cases.

has issued inconsistent unpublished decisions in the wake of *Martinez* and *Koljenovic*, sowing confusion in the Immigration Courts. Under the circumstances, we agree with the respondent that reconsideration is appropriate.

## B. Deference to *Martinez v. Mukasey*

We acknowledge at the outset that *Martinez v. Mukasey*, 519 F.3d 532, is controlling precedent in removal proceedings arising within the Fifth Circuit. We respectfully disagree with the *Martinez* court's interpretation of the statute, but we are not free to construe the statute differently in Fifth Circuit cases because the *Martinez* court found the language of section 212(h) to be unambiguous. *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967 (2005) (holding that a court's prior judicial construction of a statute trumps a subsequent agency construction that is otherwise entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), where the prior court decision held that its construction followed from the unambiguous terms of the statute and thus left no room for agency discretion). Because *Bracamontes v. Holder*, 2012 WL 1037479, and *Lanier v. U.S. Attorney General*, 631 F.3d 1363, also found section 212(h) to be unambiguous, we likewise conclude that those decisions are binding precedent in removal proceedings arising within the Fourth and Eleventh Circuits, respectively.

Although the respondent's case is factually distinguishable from *Martinez* because he was never "admitted" to the United States, the breadth of the Fifth Circuit's holding persuades us that this factual distinction does not justify a different legal outcome. In the *Martinez* court's view, the section 212(h) aggravated felony bar applies only if the applicant was *admitted as* a lawful permanent resident at the border, but not if he was merely *admitted to* lawful permanent resident status. Since the respondent was not lawfully admitted to the United States as a lawful permanent resident following inspection at a port of entry, *Martinez* dictates that the aggravated felony bar is no impediment to his eligibility for section 212(h) relief.

In light of the foregoing, we will grant the respondent's motion to reconsider and remand the record to the Immigration Judge for further proceedings regarding his applications for relief from removal.

## C. Continued Adherence to *Matter of Koljenovic*

Although Immigration Judges and the Board are obliged to follow *Martinez*, *Lanier*, and *Bracamontes* in removal proceedings arising within the relevant circuits, we respectfully decline to follow those decisions

in proceedings arising elsewhere. We conclude—for reasons already stated in *Matter of Koljenovic*, 25 I&N Dec. at 220-23—that the language of section 212(h) is ambiguous when understood in the context of the statute taken as a whole. We also hold that the proper resolution of that ambiguity is to interpret the statute as barring relief for any alien who has been convicted of an aggravated felony after acquiring lawful permanent resident status, without regard to the manner in which such status was acquired.

*Matter of Koljenovic* is one of a series of precedents in which the Board has grappled with whether (or when) the statutory terms "admitted" and "admission" should be construed to include a grant of adjustment of status. While we have acknowledged that adjustment of status does not fit within the statutory definition of the term "admission" set forth at section 101(a)(13)(A) of the Act, we have nevertheless been constrained to treat adjustment as an admission in order to preserve the coherence of the statutory scheme and avoid absurdities. *E.g.*, *Matter of Espinosa Guillot*, 25 I&N Dec. 653, 655 (BIA 2011); *Matter of Alyazji*, 25 I&N Dec. 397, 399, 403 (BIA 2011); *Matter of Lemus*, 24 I&N Dec. 373, 377 (BIA 2007); *Matter of Rodarte*, 23 I&N Dec. 905, 908 (BIA 2006); *Matter of Shanu*, 23 I&N Dec. 754, 757 (BIA 2005), *vacated sub nom. Aremu v. Dep't of Homeland Sec.*, 450 F.3d 578 (4th Cir. 2006), *and overruled in part by Matter of Alyazji*, 25 I&N Dec. 397; *Matter of Rosas*, 22 I&N Dec. 616, 621, 623 (BIA 1999).

Our prior decisions have explained at some length that refusal to treat adjustment of status as an admission can result in serious incongruities, and it is unnecessary to repeat that discussion here. We respectfully conclude that the language of the statute does not compel such an interpretation.

## III.  CONCLUSION

In conclusion, deference to Fifth Circuit precedent requires us to reconsider our prior decision in this matter and to conclude that the respondent is not ineligible for section 212(h) relief as a result of his aggravated felony conviction. Accordingly, we will grant the respondent's motion to reconsider, sustain his appeal, and remand the record to the Immigration Judge for further proceedings.

In jurisdictions where controlling circuit law does not forbid us from doing so, however, we will continue to hold—in accordance with the reasoning underlying our own precedent in *Matter of Koljenovic*, 25 I&N Dec. 219, that section 212(h) relief is unavailable to any alien who has been convicted of an aggravated felony after acquiring lawful permanent resident status.

**ORDER:**  The respondent's motion to reconsider is granted.

**FURTHER ORDER:**  Upon reconsideration, the respondent's appeal is sustained.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.


*DISSENTING OPINION*:  Roger A. Pauley, Board Member

I respectfully dissent and would apply *Matter of Koljenovic*, 25 I&N Dec. 219 (BIA 2010), to the facts of this case because they present a scenario not addressed in *Martinez v. Mukasey*, 519 F.3d 532 (5th Cir. 2008).