[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11562

_____

Agency No. A042-860-483

FREDERICK TULLOCH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 5, 2014)

Before  WILSON, Circuit Judge, and MIDDLEBROOKS,* and ALBRITTON,**
District Judges.

_____

   * Honorable Donald M. Middlebrooks, United States District Judge for the Southern
District of Florida, sitting by designation.
   ** Honorable William H. Albritton III, United States District Judge for the Middle District
of Alabama, sitting by designation.

PER CURIAM:

Frederick Tulloch is a citizen of the Bahamas who was paroled into the United States on October 3, 2008 for criminal prosecution.  He was convicted in the United States District Court for the Southern District of Florida on May 4, 2009 for conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 and sentenced to 70 months of imprisonment.  On August 15, 2011, the Department of Homeland Security (DHS) issued a notice to appear for removability pursuant to 8 U.S.C. § 212(a)(2)(C) of the Immigration and Naturalization Act, based on the belief that he was an alien who is or has been an illicit trafficker in a controlled substance.  Tulloch now seeks review of the Board of Immigration Appeals's ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") denial of his application for a waiver of grounds of inadmissibility under the Immigration and Nationality Act ("INA") § 212(h), 8 U.S.C. § 1182(h).  On appeal, he argues:  (1) that, because he was never "admitted" to the United States as an "alien lawfully admitted for permanent residence," the BIA and IJ erred in determining that he was statutorily ineligible for a § 212(h) waiver; (2) that his conviction for cocaine trafficking did not constitute substantial evidence to support a "reason to believe" that he was a trafficker of illicit drugs for the purposes of INA § 212(a)(2)(C), 8 U.S.C. § 1182(a)(2)(C), and that the IJ violated his due process by failing to hold an

2

evidentiary hearing on the matter; and (3) that the IJ violated his due process rights by failing to permit him to bring a claim for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c).

## I.

We first address Tulloch's argument that he is statutorily eligible to apply for a § 212(h) waiver of inadmissibility because he never entered or was admitted to the United States for permanent residence, but rather "paroled" into the United States for criminal prosecution. The question of whether Tulloch is statutorily eligible to apply for a § 212(h) waiver is a legal question over which we have jurisdiction under § 242(a)(2)(D). *See Lanier v. U.S. Att'y Gen.*, 631 F.3d 1363, 1365 n. 2 (11th Cir. 2011) (exercising jurisdiction to determine eligibility to apply for a § 212(h) waiver).

Section 212(h) of the INA allows the Attorney General, in his discretion, to waive inadmissibility when an alien is the spouse, parent, son or daughter of a U.S. citizen, and the denial of admission would cause extreme hardship to the U.S. citizen. INA § 212(h)(1)(B), 8 U.S.C. § 1182(h)(1)(B). However, § 212(h) only applies to waive the grounds of inadmissibility contained in § 212(a)(2)(A), (B), (D), and (E), and Tulloch was charged with inadmissibility under the provisions of

§ 212(a)(2)(C). While Tulloch argues that he was "paroled" and never "admitted" into the United States as an "alien lawfully admitted for permanent residence," we need not address that issue.  Because the BIA and IJ correctly determined that § 212(h) did not cover Tulloch's ground of inadmissibility, we deny Tulloch's petition to review as to his statutory eligibility for a § 212(h) waiver.

## II.

Tulloch next argues that his conviction for cocaine trafficking did not constitute substantial evidence to support a "reason to believe" that he was a trafficker of illegal drugs for the purposes of the INA (INA § 212(a)(2)(c)), and that the IJ violated his due process by failing to hold an evidentiary hearing on the matter.

Aside from constitutional challenges and questions of law, we lack jurisdiction to review a final inadmissibility decision when an alien is found inadmissible "by reason of having committed a criminal offense covered in section [212(a)(2)]."  INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C).  The relevant criminal offenses include, among others, conspiracy to traffic in controlled substances.  INA § 212(a)(2)(C), 8 U.S.C. § 1182(a)(2)(C).

Tulloch's guilty plea and conviction for cocaine trafficking is sufficient to establish that he "committed a criminal offense" under § 212(a)(2)(C), thereby triggering the jurisdictional bar in § 242(a)(2)(C).  Accordingly, we dismiss

4

Tulloch's application to the extent he requests review of the BIA and IJ's factual determinations.

In regard to his constitutional claim, petitioners in removal proceedings are entitled to due process of law. *Lapaix v. U.S. Att'y Gen.,* 605 F.3d 1138, 1143 (11th Cir. 2010). "To establish a due process violation, the petitioner must show that [he] was deprived of liberty without due process of law and that the purported errors caused [him] substantial prejudice." *Id.* Substantial prejudice requires the applicant to demonstrate that, in the absence of the alleged error, the outcome of the proceeding would have been different. *Id.* Even assuming that Tulloch could demonstrate a deprivation of liberty without due process of law, he has not shown substantial prejudice. He has failed to demonstrate that the outcome of the proceeding would have been different if a hearing had been held on whether substantial evidence established a "reason to believe" he was an illicit drug trafficker. Consequently, we deny his petition in regard to his due process claim.

## III.

Finally, Tulloch argues that his due process rights were violated by the Immigration Judge's failure to provide him an opportunity to apply for CAT protection.

5

We lack jurisdiction to review constitutional claims that are meritless and, therefore, not substantial.  *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1333 (11th Cir. 2003).

This claim is meritless.  The IJ did provide Tulloch with an opportunity to bring a claim for CAT relief.  Further, at the hearing, Tulloch did not object or mention any potential CAT claims.

**PETITION DENIED IN PART, DIMISSED IN PART.**