[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11073
Non-Argument Calendar
_____

Agency No. A072-732-537

WILTON SPENCE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 5, 2014)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Wilton Spence, a native and citizen of Jamaica, seeks review of the Department of Homeland Security's (DHS) reinstatement of a 1997 expedited order of removal, pursuant to Immigration and Nationality Act (INA) § 241(a)(5), 8 U.S.C. § 1231(a)(5), issued against Spence in 1997 when he attempted to enter the country using fraudulent documents under the name "Dave Green."  On appeal, Spence first argues that the phrase "prior order of removal" in § 241(a)(5) refers only to the most recent order of removal when the record contains multiple orders of removal.  As such, the DHS's second removal order against him, issued in absentia in 2000 after his illegal re-entry, is the proper "prior order" referenced in § 241(a)(5), thus precluding reinstatement of the 1997 order.  Second, Spence argues that, even if the 1997 expedited removal order qualifies as the "prior order" referenced in § 241(a)(5), by opting to initiate new removal proceedings against him in 1999, as opposed to reinstating the 1997 removal order, the DHS waived its right to reinstate that 1997 order.

I.

We review issues of statutory interpretation de novo, "looking first and foremost to the statutory text to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case."

2

*Lanier v. U.S. Att'y Gen.*, 631 F.3d 1363, 1365 (11th Cir. 2011) (internal quotation marks and citations omitted).  "Absent a clearly expressed legislative intent to the contrary, the plain and unambiguous language of the statute must prevail." *Id.* (internal quotation marks and citation omitted).  Further, we have recognized that "[w]here Congress knows how to say something but chooses not to, its silence is controlling." *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 862 (11th Cir. 2007) (per curiam) (internal quotation marks and citation omitted) (alteration in original).

> Section 241(a)(5) of the INA reads as follows:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date . . . and the alien shall be removed under the prior order at any time after the reentry.

INA § 241(a)(5), 8 U.S.C. 1231 § (a)(5).  We have recognized that, to reinstate a prior order of removal pursuant to the regulations implementing § 241(a)(5), an immigration officer must first determine "whether (1) the alien has been subject to a prior order of removal, (2) the alien is in fact the same alien who was previously removed, and (3) the alien unlawfully reentered the United States." *Avila v. U.S. Att'y Gen.*, 560 F.3d 1281, 1285 (11th Cir. 2009) (per curiam) (internal citation omitted).

We have not yet considered the interpretation of § 241(a)(5)'s "prior order of removal" language where multiple prior orders of removal have been issued.

3

However, the word "prior" is unambiguous in this context. The plain language of § 241(a)(5) refers to any previous order of removal and not just the most recent order, as Spence contends.

## II.

We have recognized that "[a] waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." *See Allen v. State of Ala.*, 728 F.2d 1384, 1388 (11th Cir. 1984) (internal quotation marks and citation omitted) (providing, in a habeas corpus case, the ordinary definition of "waiver"); *see also Cobourne v. I.N.S.*, 779 F.2d 1564, 1566 (11th Cir. 1986) (per curiam) (upholding the Board of Immigration Appeals' finding that an alien knowingly and voluntarily had waived his right to counsel at a deportation hearing). Spence's repeated use of false names in an attempt to deceive immigration officials caused confusion, not an intentional abandonment of a known right or privilege. The DHS did not waive its authority to reinstate the 1997 expedited removal order by initiating new removal proceedings, as opposed to reinstating the 1997 removal order, after Spence was found to have illegally re-entered the United States in 1999. Thus, the DHS's reinstatement order against Spence is valid.

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we deny the petition for review.

4

**PETITION DENIED.**