# Matter of J-H-J-, Respondent

*Decided May 12, 2015*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien who adjusted status in the United States, and who has not entered as a lawful permanent resident, is not barred from establishing eligibility for a waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h) (2012), as a result of an aggravated felony conviction. *Matter of E.W. Rodriguez*, 25 I&N Dec. 784 (BIA 2012), and *Matter of Koljenovic*, 25 I&N Dec. 219 (BIA 2010), withdrawn.

FOR RESPONDENT: Monica Nevin, Esquire, Minneapolis, Minnesota

FOR THE DEPARTMENT OF HOMELAND SECURITY: Terry M. Louie, Senior Attorney

BEFORE: Board Panel: PAULEY, WENDTLAND, and GREER, Board Members.

PAULEY, Board Member:

In a decision dated August 29, 2014, an Immigration Judge found the respondent ineligible for a waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h) (2012), in conjunction with his application for adjustment of status under section 245(a) of the Act, 8 U.S.C. § 1255(a) (2012), and denied his application for deferral of removal under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) ("Convention Against Torture"). The respondent appealed and on November 13, 2014, we remanded the record to the Immigration Judge to complete the record. The Immigration Judge has complied and has certified the case for our adjudication of the respondent's appeal. The record will be remanded to the Immigration Judge for further proceedings.

The respondent is a native and citizen of China whose status was adjusted to that of a lawful permanent resident in 2009. On March 21, 2012, he was convicted in Minnesota of assault in the first degree, which he has conceded is an aggravated felony.

The primary issue in this case is whether the respondent, a lawful permanent resident by virtue of his adjustment of status in the United States, is barred from establishing eligibility for a waiver under section 212(h) of the Act as a result of his conviction for an aggravated felony.

The Immigration Judge found that the respondent was ineligible for a waiver in conjunction with his application for adjustment of status, even though he became a lawful permanent resident by adjusting his status inside the United States, rather than by being admitted at a port of entry. In making this determination, the Immigration Judge applied *Roberts v. Holder*, 745 F.3d 928 (8th Cir. 2014), a decision of the United States Court of Appeals for the Eighth Circuit, in whose jurisdiction this case arises. In that decision, the court held that section 212(h) of the Act is ambiguous as to the meaning of the phrase "previously been admitted to the United States as an alien lawfully admitted for permanent residence" and therefore deferred to our construction of the statute in *Matter of Koljenovic*, 25 I&N Dec. 219 (BIA 2010), and *Matter of E.W. Rodriguez*, 25 I&N Dec. 784 (BIA 2012). *Roberts v. Holder*, 745 F.3d at 932−33.

The respondent would be ineligible for a section 212(h) waiver under *Roberts v. Holder* and our decisions in *Koljenovic* and *E.W. Rodriguez*. However, nine circuit courts have held that the plain language of section 212(h) of the Act precludes aliens from establishing eligibility for relief *only* if they lawfully entered the United States as permanent residents and thereafter committed an aggravated felony. *Medina-Rosales v. Holder*, 778 F.3d 1140 (10th Cir. 2015); *Husic v. Holder*, 776 F.3d 59 (2d Cir. 2015); *Stanovsek v. Holder*, 768 F.3d 515 (6th Cir. 2014); *Negrete-Ramirez v. Holder*, 741 F.3d 1047 (9th Cir. 2014); *Papazoglou v. Holder*, 725 F.3d 790 (7th Cir. 2013); *Leiba v. Holder*, 699 F.3d 346 (4th Cir. 2012); *Hanif v. Att'y Gen. of U.S.*, 694 F.3d 479 (3d Cir. 2012); *Lanier v. U.S. Att'y Gen.*, 631 F.3d 1363 (11th Cir. 2011); *Martinez v. Mukasey*, 519 F.3d 532 (5th Cir. 2008).[1] The decisions of the Second and Tenth Circuits were issued subsequent to *Roberts* and expressly disagreed with the Eighth Circuit's reasoning. *Medina-Rosales v. Holder*, 778 F.3d at 1144; *Husic v. Holder*, 776 F.3d at 62, 66.

Given the overwhelming circuit court authority in disagreement with *Koljenovic* and *E.W. Rodriguez* on the basis of the plain language of the statute, we will now accede to the clear majority view of these nine circuits. *See Matter of C-T-L-*, 25 I&N Dec. 341, 347 (BIA 2010) (stating that consistency and predictability are important principles in immigration law);

---

[1] We recognize that the respondent would be considered eligible for a section 212(h) waiver if his case had arisen in any of these circuits. Only the First Circuit has yet to address this issue.

*Matter of Velazquez-Herrera*, 24 I&N Dec. 503, 508 (BIA 2008) ("[T]he Federal immigration laws are intended to have uniform nationwide application and to implement a unitary Federal policy."); *Matter of Small*, 23 I&N Dec. 448, 450 (BIA 2002) (acceding to appellate court authority in the interest of uniformity in the application of the immigration laws). We will therefore withdraw from our decisions in *Matter of Koljenovic* and *Matter of E.W. Rodriguez* and hold that section 212(h) of the Act only precludes aliens who entered the United States as lawful permanent residents from establishing eligibility for a waiver on the basis of an aggravated felony conviction. Since the respondent did not enter the United States as a lawful permanent resident, we will remand the record to give him an opportunity to apply for a section 212(h) waiver in conjunction with his application for adjustment of status.[2]

On remand, the Immigration Judge should also consider the respondent's claim that it is more likely than not that he will be subjected to torture in China on account of his conviction for a serious and violent crime in the United States. We cannot meaningfully address the respondent's arguments in this regard absent sufficient legal analysis by the Immigration Judge or adequate factual findings, which we are without authority to make in the first instance. *See Matter of S-H-*, 23 I&N Dec. 462, 465 (BIA 2002) (remanding to the Immigration Judge because of insufficient factual findings and legal analysis); 8 C.F.R. § 1003.1(d)(3)(iv) (2014) (limiting the Board's fact-finding authority and providing that the Board may remand the proceeding to the Immigration Judge if further fact-finding is needed); *see also Matter of Fedorenko*, 19 I&N Dec. 57, 74 (BIA 1984) (noting that the Board is "an appellate body whose function is to review, not to create, a record").

**ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[2] The respondent has submitted evidence that the relative visa petition filed on his behalf has been approved.