FISHER, Circuit Judge,
concurring in part and dissenting in part:
I concur fully in Parts A and B of the opinion, but I respectfully disagree with the analysis in Part C. In addition to informing Guzman about his eligibility for *1102 § 212(c) relief, the IJ should have advised him he was eligible for § 212(h) relief.
Section 212(h) prohibits relief only for “an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if ... since the. date of such admission the alien has been convicted of an aggravated felony.” 8 U.S.C. § 1182(h) (emphasis added). Relying on In re Rosas-Ramirez, 22 I. & N. Dec. 616, 618-19 (BIA 1999), the opinion concludes the IJ had no obligation to inform Guzman of his eligibility for § 212(h) relief because the term “admitted” includes adjustments of status.
Rosas is inapposite. There, the BIA analyzed the meaning of “admission” in the specific statutory context of INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), which provides that “[a]ny alien who is convicted of an aggravated .felony at any time after admission is deportable.” 22 I. & N. Dee. at 617 (emphasis added). The BIA concluded “the reference in section 237(a)(2)(A)(iii) of the Act to ‘after admission’ includes both those aliens who are ‘admitted’ at the time of entry ... as well as those who are ‘lawfully admitted for permanent residence.’ ” Id. at 623. Under this definition, the BIA held “the respondent’s adjustment of status ... constituted an ‘admission’ to the United States as that term is used in section 237(a)(2)(A)(Hi).” Id. (emphasis added). Immediately after this sentence, the BIA included a footnote in which it stated: “We do not here attempt to resolve the meaning of ‘admission’ in other contexts.” Id. at 623 n. 5.[1]
Unlike the provision interpreted in Ro-sas, § 212(h) contains both the terms “previously been admitted” and “lawfully admitted for permanent residence.” Under the INA’s own definitions — of which the IJ presiding over Guzman’s hearing would have undoubtedly been aware — these terms have different meanings. “Admitted” means “the lawful entry of an alien into the United States after inspection and authorization,” see 8 U.S.C. § 1101(a)(13)(A), whereas “lawfully been admitted for permanent residence” means “the status of having been lawfully accorded the privilege of residing permanently in the United States,” see 8 U.S.C. § 1101(a)(20). If an adjustment of status could constitute an “admission” under § 212(h), as the opinion concludes, the phrase “previously been admitted” in § 212(h) would be superfluous. The provision could simply have prohibited relief for “an alien lawfully admitted for permanent residence if, since the date of such admission, the alien has been convicted of an aggravated felony.” But § 212(h) refers to “an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence,” meaning a noncitizen who was granted lawful entry into the United States as a lawful permanent resident. Under this reading, Guzman could not have fallen within the purview of § 212(h)’s prohibition because he had not entered the United States as an LPR.
Given the significant difference in the statutory provision interpreted in Rosas and the one at issue here, the IJ had a duty to inform Guzman of his apparent eligibility for § 212(h) relief under the INA’s own definitions of the relevant terms. ‘We have interpreted ‘apparent eligibility’ to mean “where the record, fairly reviewed by an individual who is intimately familiar with the immigration laws — as IJs no doubt are — raises a reasonable possibility that the petitioner may *1103 be eligible for relief.’” United States v. Lopez-Velasquez, 629 F.3d 894, 896 (9th Cir.2010) (en banc) (emphasis added). Here, the IJ was faced with a situation in which the INA’s own definitions of the relevant terms compelled the conclusion that Guzman remained eligible for 212(h) relief, whereas the interpretation of “admission” in Rosas merely suggested Guzman might not be eligible, if the BIA chose to extend that interpretation to the context of 212(h), which it had not done.
The opinion relies on Lopez-Velasquez and VidaL-Mendoza for the proposition that the IJ could not have been expected to inform Guzman of his eligibility for § 212(h) relief. But in those cases, our ex post interpretation of the relevant statutory term upended the definition that governed at the time of the hearing. For example, in United States v. Vidal-Mendoza, 705 F.3d 1012 (9th Cir.2013), the petitioner argued his conviction for third-degree rape did not constitute “sexual abuse of a minor” under an en banc decision postdating his removal order. Id. at 1019. We rejected the petitioner’s argument, concluding the decision “deviated] from longstanding Ninth Circuit and BIA precedent,” and therefore the IJ could not have been expected to advise the petitioner about it. See id. at 1020 (internal quotation marks omitted). Similarly, in Lopez-Velasquez, 629 F.3d at 894, we concluded the definition of “domicile” in a- decision postdating the petitioner’s removal was a “deviation” from established precedent, and therefore the IJ did not erroneously advise the petitioner he was ineligible for certain relief. Id. at 898.
In Vidalr-Mendoza and Lopez-Velasquez, the IJ could not have been reasonably expected to inform the petitioners they were eligible for such relief because they were unquestionably ineligible under governing law at the time of their proceedings. Here, by contrast, Rosas ’ interpretation of an entirely different statutory provision did not govern in the context of § 212(h), and the definitions contained within the INA required concluding that Guzman was eligible for such relief. Under these circumstances, I cannot agree that “[t]he IJ could not have been expected to know that relief might be possible.”
At the time of Guzman’s hearing, § 212(h) relief was “reasonably possible” under the statutory definitions, and the IJ should have so advised him. I would therefore hold the removal order is constitutionally infirm both on § 212(c) and § 212(h) grounds.

. Only in 2010 did the BIA explicitly extend Rosas to the § 212(h) context. See Matter of Koljenovic, 25 I. & N. Dec. 219, 222 (BIA 2010), withdrawn by Matter of 26 I. & N. Dec. 563 (BIA 2015).