# Matter of Giovanni Rosalia VELLA, Respondent

*Decided October 13, 2017*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien "has previously been admitted to the United States as an alien lawfully admitted for permanent residence" within the meaning of section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h) (2012), if he or she was inspected, admitted, and physically entered the country as a lawful permanent resident at any time in the past, even if such admission was not the alien's most recent acquisition of lawful permanent resident status.

FOR RESPONDENT: Matthew L. Guadagno, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Mary Ellen Withrow, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY, WENDTLAND, and GREER, Board Members.

PAULEY, Board Member:

In a decision dated April 10, 2017, an Immigration Judge found the respondent removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), as an alien convicted of an aggravated felony, determined that he is ineligible for a waiver of inadmissibility under section 212(h) of the Act, 8 U.S.C. § 1182(h) (2012), and adjustment of status under section 245(a) of the Act, 8 U.S.C. § 1255(a) (2012), and ordered him removed from the United States.[1] The respondent has appealed from that decision. The appeal will be dismissed. The respondent's request for oral argument is denied.

The respondent is a native and citizen of Italy who was admitted to the United States as a lawful permanent resident at a port of entry on October 8, 1967. On September 24, 2007, he was convicted of conspiracy to operate an illegal gambling business in violation of 18 U.S.C. §§ 371 and 1955 (2006). In 2009, the Department of Homeland Security ("DHS") issued a notice to appear charging him with removability based on his conviction for an aggravated felony under sections 101(a)(43)(J) and (U) of the Act, 8 U.S.C.

---

[1] The Immigration Judge's decision incorporates by reference a prior decision that was entered on March 2, 2017.

§§ 1101(a)(43)(J) and (U) (2006). The respondent conceded his removability, and on August 26, 2009, the Immigration Judge granted him adjustment of status.[2]

On February 3, 2015, the respondent was convicted of conspiracy to commit extortion in violation of 18 U.S.C. § 1951(a) (2012). A new notice to appear was issued, and in a decision dated July 12, 2016, the Immigration Judge found that the respondent's conviction was for an aggravated felony "crime of violence" under 18 U.S.C. § 16(b) (2012). On December 14, 2016, we vacated that decision and remanded the record for further proceedings because the United States Court of Appeals for the Third Circuit, in whose jurisdiction this case arises, had held that "§ 16(b) is unconstitutionally vague." *Baptiste v. U.S. Att'y Gen.*, 841 F.3d 601, 621 (3d Cir. 2016).

On remand, the DHS lodged additional charges of removability, alleging that the respondent is removable as an alien convicted of conspiracy to commit an aggravated felony theft offense under sections 101(a)(43)(G) and (U) of the Act. The Immigration Judge sustained the charge, and the respondent has not contested his removability. Therefore, the only issue on appeal is whether the respondent is eligible for a waiver of inadmissibility under section 212(h), which is required to establish his eligibility for adjustment of status.[3]

Section 212(h) of the Act provides in relevant part as follows:

> No waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if . . . since the date of such admission the alien has been convicted of an aggravated felony . . . .

The Immigration Judge determined that the respondent is ineligible for a section 212(h) waiver because he had "previously been admitted to the United States as an alien lawfully admitted for permanent residence" in 1967 and was subsequently convicted of an aggravated felony. The respondent does not deny that he was convicted of an aggravated felony after he was inspected, admitted, and physically entered the country as a lawful permanent resident. Instead, he argues that the word "previously" in section

---

[2] Although the respondent conceded that he was removable because his 2007 gambling conviction was for an aggravated felony, that offense was not a crime involving moral turpitude. *See Matter of Gaglioti*, 10 I&N Dec. 719, 720 (BIA 1964) ("Violations of gaming laws do not ordinarily involve moral turpitude."). Further, a conviction for an aggravated felony is not a ground of inadmissibility. Therefore, no waiver was required for the respondent to adjust his status.

[3] The respondent does not dispute that his 2015 extortion conviction is for a crime involving moral turpitude, which renders him inadmissible and therefore ineligible for adjustment of status absent a section 212(h) waiver.

212(h) refers only to the most recent time he obtained lawful permanent resident status, which was in 2009 when he was granted adjustment of status.

The Second Circuit directly addressed this issue in *Dobrova v. Holder*, 607 F.3d 297 (2d Cir. 2010). In that case, the alien was admitted to the United States as a lawful permanent resident at a port of entry and was subsequently convicted of an aggravated felony, for which he was deported. Years later, he reentered the country by presenting his "defunct permanent resident card" and was charged with removability because he had been admitted as a lawful permanent resident in a status to which he was not entitled. *Id.* at 299. He argued that he was not barred from establishing eligibility for a section 212(h) waiver because the word "previously" related only to his most recent entry, which was not a lawful admission.

Considering "the plain meaning" of the statutory text and "the ordinary, common meaning of 'previously,'" the court stated that this word "does not commonly refer to the most recent occurrence of action, but to action that has taken place *sometime* in the indefinite past." *Id.* at 301. The court additionally concluded that

> Congress's use of the present perfect tense [in section 212(h)]—"has . . . been admitted"—is significant here. . . . Use of this tense evinces Congress's intent to include *any* previous admission for lawful permanent residence within the ambit of Section 212(h), including admission in the indefinite past. . . . As explained, the present perfect tense can refer either to a time in the indefinite past *or* a past action that has continuing relevance—that "comes up to and touches the present." Use of "previously" in Section 212(h) therefore clarifies that the statute does not apply only to aliens who were and still are admitted as [lawful permanent residents], but also to those who were at some earlier time admitted as [lawful permanent residents] . . . .

*Id.* at 301–02. Like the Second Circuit, we have considered the plain meaning of the statute, and we find the court's reasoning to be persuasive. However, even if the statutory language was ambiguous, we would adopt the court's view as the most reasonable interpretation of the statute.[4]

---

[4]  In addition to its statutory analysis, the court further observed that

> [u]nder [the alien's] suggested interpretation of Section 212(h), *any* alien who was admitted as [a lawful permanent resident] but who subsequently committed an aggravated felony, was ordered removed from the country, and then entered again illegally, would not be statutorily precluded from seeking a waiver of inadmissibility on the basis of this conviction. Yet if that same alien had remained outside the country he would be ineligible for such relief. We do not think that Congress intended an interpretation that rewards an alien for reentering the country illegally after being removed.

Applying the Second Circuit's analysis, we conclude that the respondent is ineligible for a section 212(h) waiver. He admits that he was inspected, admitted, and physically entered the country as a lawful permanent resident after consular processing abroad in 1967 and that his 2007 and 2015 offenses are aggravated felonies. Therefore, the respondent is "an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence" and has subsequently "been convicted of an aggravated felony" under section 212(h) of the Act. His 2009 adjustment of status does not preclude a finding that he is ineligible for a waiver under this provision.[5] The law of the Third Circuit supports this conclusion. *See Taveras v. Att'y Gen. of U.S.*, 731 F.3d 281, 290 (3d Cir. 2013) ("The words 'entry' and 'into' plainly indicate that 'admission' involves physical entrance into the country, which is inapposite to adjustment of status in removal proceedings, a procedure that is structured to take place entirely within the United States.").

Finally, the respondent argues that interpreting section 212(h) as rendering him ineligible for a waiver because he initially obtained lawful permanent resident status through consular processing rather than adjustment would violate his constitutional rights to due process and equal protection. Contrary to the respondent's assertions, we do not have authority to address this question. *See Matter of G-K-*, 26 I&N Dec. 88, 96 (BIA 2013) ("Neither the Board nor the Immigration Judges have the authority to rule on the constitutionality of the statutes we administer . . . .").

The respondent is ineligible for a section 212(h) waiver and does not seek any other relief from removal. Accordingly, his appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

*Dobrova*, 607 F.3d at 302. We also consider it unlikely that Congress intended to allow an alien, who would otherwise be barred from seeking a section 212(h) waiver, to be eligible to waive a second offense merely because he had previously been permitted to adjust his status to avoid removal based on his conviction for a prior offense.

[5] The respondent argues that his adjustment does not disqualify him from establishing eligibility for a waiver because section 212(h) requires an "admission" for permanent residence after consular processing abroad. In *Matter of J-H-J-*, 26 I&N Dec. 563, 564 (BIA 2015), we agreed with a number of circuit courts, including the Third Circuit, in holding that the aggravated felony bar in section 212(h) does not apply to an alien who adjusted his status in the United States and has not entered as a lawful permanent resident. *See Hanif v. Att'y Gen. of U.S.*, 694 F.3d 479, 484 (3d Cir. 2012). However, because the respondent was lawfully admitted for permanent residence before he adjusted his status, those decisions are not applicable.