**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3478
_____

GIOVANNI VELLA,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent


_____

On Petition for Review from an Order of
The Board of Immigration Appeals
Agency No. A017-541-320
Immigration Judge: Hon. Walter A. Durling
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 12, 2018


_____

Before: SHWARTZ, ROTH, and RENDELL, <u>Circuit Judges</u>.

(Filed: August 2, 2018)


_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Giovanni Vella petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from the Immigration Judge's ("IJ") decision, which denied his application for a waiver of inadmissibility under § 212(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(h).  For the reasons that follow, we will deny the petition.

I

Vella, a native and citizen of Italy, was admitted to the United States as a lawful permanent resident ("LPR") in 1967, at age twelve.  In 2007, he was convicted of conspiracy to operate an illegal gambling business in violation of 18 U.S.C. § 371 and was sentenced to four months' imprisonment.  Two years later, the Department of Homeland Security ("DHS") charged him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony offense.  He was subsequently granted adjustment of status.

In 2015, Vella pleaded guilty to conspiracy to commit extortion in violation of 18 U.S.C. § 1951(a) and was sentenced to twelve months and a day of imprisonment.  DHS charged him with removability, and he sought to re-adjust his status to that of an LPR. The IJ sustained the charge of removability and concluded that Vella was not eligible for re-adjustment of his status and could not obtain a waiver of inadmissibility under § 212(h) because he was admitted to the United States as an LPR and thereafter committed an aggravated felony.

2

Vella appealed to the BIA, which sustained the appeal in part and remanded to the IJ. On remand, DHS charged Vella with two additional grounds of removability.[1] The IJ sustained the charges and determined that Vella was not eligible for a waiver of inadmissibility under § 212(h) because such relief is available only to aliens who received LPR status after being admitted to the United States, and under Hanif v. Attorney General, 694 F.3d 479, 484 (3d Cir. 2012), Vella was "previously admitted" as an LPR when he entered the United States in 1967, not when he re-adjusted his status in 2009. The IJ thus ordered Vella removed to Italy, and Vella appealed.

The BIA dismissed Vella's appeal. Matter of Giovanni Rosalia Vella, 27 I. & N. Dec. 138, 141 (B.I.A. 2017). The B.I.A. concluded that § 212(h) bars aliens who had "previously been admitted to the United States as an alien lawfully admitted for permanent residence" from obtaining a waiver of inadmissibility and that an alien who has been "previously been admitted" is one who was "inspected, admitted, and physically entered the country as [an LPR] at any time in the past, even if such admission was not the alien's most recent acquisition of lawful permanent resident status." Id. at 138-40. (citing Dobrova v. Holder, 607 F.3d 297, 301-02 (2d Cir. 2010) (internal quotation marks omitted)). Because Vella (1) was inspected, admitted, and physically entered the country as an LPR, and (2) was subsequently convicted of an aggravated felony, the BIA held he

---

[1] Specifically, DHS charged Vella with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony offense, as defined in 8 U.S.C. § 1101(a)(43)(G) (a theft or burglary offense for which the term of imprisonment is at least one year), and 8 U.S.C. 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony offense, as defined in 8 U.S.C. § 1101(a)(43)(U) (a law relating to an attempt or conspiracy to commit an offense described in that section).

3

was barred from obtaining a waiver of inadmissibility under § 212(h).[2] Id. at 141. Vella argued that § 212(h) violates equal protection because it treated him differently from an alien who obtained LPR status after entering the United States, but the BIA said it lacked the authority to consider that argument.

Vella petitions for review.

II[3]

We lack "jurisdiction to review any final order of removal against an alien [like Vella] who is removable by reason of having committed" an aggravated felony, except that we may review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(C)-(D); Restrepo v. Att'y Gen., 617 F.3d 787, 790 (3d Cir. 2010). We conduct de novo review of Vella's constitutional challenge. De Leon-Reynoso v. Ashcroft, 293 F.3d 633, 635 (3d Cir. 2002).

---

[2] The BIA also concluded that Vella's "2009 adjustment of status does not preclude a finding that he is ineligible for a waiver under this provision" because "'admission' involves physical entrance into the country, which is inapposite to adjustment of status in removal proceedings, a procedure that is structured to take place entirely within the United States." Matter of Vella, 27 I. & N. Dec. at 141 (quoting Taveras v. Att'y Gen., 731 F.3d 281, 290 (3d Cir. 2013)).

[3] The IJ had jurisdiction over Vella's immigration proceedings under 8 C.F.R. § 1240.1(a), and the BIA had jurisdiction over the appeal pursuant to 8 C.F.R. § 1003.1(b)(3).

4

## III

Vella argues that § 212(h) violates equal protection and thus its bar to allowing him to seek a waiver of inadmissibility is void. Before addressing his constitutional claim, we will first review the statutory framework.

### A

An alien who is found removable may seek relief from deportation by applying to adjust his status to that of an LPR based on the petition of an immediate relative. 8 U.S.C. § 1255. Under the statute, the Attorney General may, in his discretion, adjust the status of an alien in removal proceedings to that of an alien lawfully admitted for permanent residence if, among other things, the alien is admissible to the United States for permanent residence. De Leon-Reynoso, 293 F.3d at 637. An alien is inadmissible to the United States if he has been convicted of a crime of moral turpitude. 8 U.S.C. § 1182(a)(2)(A)(i)(1).

Pursuant to § 212(h), the Attorney General in his discretion may waive an alien's inadmissibility for certain crimes if the alien is a spouse, parent, or child of a United States citizen or permanent resident alien and can show that "denial of admission would result in extreme hardship" to the qualifying relative. 8 U.S.C. § 1182(h)(1)(B); De Leon-Reynoso, 293 F.3d at 637. A waiver is unavailable, however, for certain aliens:

> No waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if either since the date of such admission the alien has been convicted of an aggravated felony or the alien has not lawfully resided continuously in the United States for a period of not less than 7 years immediately preceding the date of initiation of proceedings to remove the alien from the United States.

5

8 U.S.C. § 1182(h). Thus, an alien is not eligible for a waiver of inadmissibility if the alien has (1) previously been admitted to the United States as an alien lawfully admitted for permanent residence and (2) then either (a) been convicted of an aggravated felony or (b) not lawfully resided continuously in the United States for seven years. Id. § 1182; De Leon-Reynoso, 293 F.3d at 637.

Vella does not challenge the BIA's ruling that he was "previously admitted to the United States as an alien lawfully admitted for permanent residence" under § 212(h) in 1967.[4] Matter of Vella, 27 I. & N. Dec. at 141. He also does not dispute that he was convicted of aggravated felonies after his admission as an LPR.[5] Rather, he argues that § 212(h) violates equal protection by allowing certain LPRs to seek a waiver of inadmissibility based solely on how they obtained their status. More specifically, according to Vella, the statute creates two classes of LPRs and violates equal protection because an LPR who first obtained permanent resident status within the United States through adjustment of status ("LPR-adjust") can apply for a waiver of inadmissibility

---

[4] Vella also does not challenge the BIA's conclusion that the adjustment to his status in 2009 following his first conviction does not qualify as an "admission" under § 212(h).

[5] Vella was originally admitted to the United States as an LPR in 1967 and then adjusted his status to re-acquire permanent residency in 2009, after he was found removable following his conviction for conspiracy to operate an illegal gambling business. In 2017, while in removal proceedings following his conviction for conspiracy to commit extortion, he again sought to re-adjust his status to that of a permanent resident, but because his conviction constituted a crime involving moral turpitude, he was rendered inadmissible to the United States. Thus, he was ineligible for an adjustment of status unless he obtained a waiver of inadmissibility under § 212(h).

6

under § 212(h), whereas an LPR who was admitted to the United States with that status ("LPR-admit")—like Vella—cannot.

B

A petitioner asserting an equal protection claim must establish that (1) two classes of aliens are treated differently, (2) the two classes are similarly situated, and (3) there is no rational basis for the different treatment. See Flores-Nova v. Att'y Gen., 652 F.3d 488, 492-93 (3d Cir. 2011). The parties do not dispute, and many of our sister circuits have recognized, that § 212(h)'s waiver bar treats two classes of aliens—LPR-adjust aliens and LPR-admit aliens—differently. Medina-Rosales v. Holder, 778 F.3d 1140, 1144 (10th Cir. 2015) (collecting cases). Only aliens who become LPRs after having entered the United States may apply for the waiver and Vella contends there is no basis for the different treatment.

Given Congress's "broad powers over immigration and naturalization," De Leon-Reynoso, 293 F.3d at 638, we "appl[y] rational basis review to equal protection challenges in the area of admission or removal of aliens," id. "Under this minimal standard of review, a classification is accorded 'a strong presumption of validity,'" DeSousa, 190 F.3d at 184 (quoting Heller v. Doe, 509 U.S. 312, 319-20 (1993)), and "our role is not to judge the wisdom or fairness of Congress's policy choices, but rather their constitutionality," id. at 184-85.

Vella has failed to show there is no rational basis for the distinction between LPR-adjust and LPR-admit aliens. Indeed, several of our sister circuits have recognized that Congress may have had a rational basis for distinguishing in § 212(h) between different

7

categories of LPRs, including the distinction between LPR-adjust aliens and LPR-admit aliens. Medina-Rosales v. Holder, 778 F.3d 1140, 1146 (10th Cir. 2015) (rejecting argument that "favoring one category of LPRs over another is arbitrary"); Leiba v. Holder, 699 F.3d 346, 353 & n.5 (4th Cir. 2012) (concluding that "Congress may have had rational reasons for making [] a distinction" between "aliens who obtained LPR status after illegally entering the country [and] [] those who entered the country with LPR status" (citations and internal quotation marks omitted)); Bracamontes v. Holder, 675 F.3d 380, 388 & n.5 (4th Cir. 2012) (agreeing "with our sister Circuits that Congress may have had rational reasons for 'distinguishing' between LPR-admits and LPR-adjusts" and noting that "courts have consistently overruled . . . equal protection challenges to the distinction drawn under section 212(h) between illegal immigrants and those admitted as lawful permanent residents"). The Court of Appeals for the Fifth Circuit in Martinez v. Mukasey, 519 F.3d 532, 545 (5th Cir. 2008), explained that Congress "might rationally have concluded that [LPR-adjust] aliens . . . are more deserving of being eligible for a waiver of inadmissibility" because such aliens "developed ties here" and "went through the scrutiny of adjustment, in which [their] record in the United States was examined," and it thus "could have concluded rationally that [such] individuals . . . are more deserving[] than those who entered as LPRs[] of being eligible for the § 212(h) waiver, including likely having more citizen relatives who would be affected adversely by removal." Id. The Martinez court also reasoned that Congress "may well have been taking a 'rational first step toward achieving the legitimate goal of quickly removing aliens who commit certain serious crimes from the country.'" Id. (quoting Lara-Ruiz v.

8

INS, 241 F.3d 934, 947 (7th Cir. 2001) (noting that, in an equal protection challenge to the distinction between LPRs and non-LPRs for § 212(h) waivers of inadmissibility, it might have been "wiser, fairer, and more efficacious" not to have made such a distinction, but a rational basis exists for the distinction on the ground that Congress may have been taking an incremental approach to addressing its ultimate goals)).  We have cited Martinez with approval and agreed with its view that "the distinction between aliens admitted to the United States as LPRs and aliens who convert to LPR status while in the country may have been Congress's first step in reaching its goal of expediting the removal of criminal aliens."  Hanif, 694 F.3d at 487.

Moreover, in a slightly different context, our Court rejected an equal protection challenge to the statute's distinction between aliens who had not previously been admitted to the United States (non-LPRs) and LPRs who had not resided in the United States for seven consecutive years before removal proceedings were initiated.  De Leon-Reynoso, 293 F.3d at 638-40.  We noted that "Congress conceivably had good reasons to create the distinction" in § 212(h) because, "[i]n legislation aimed at the legitimate government interest of expediting the deportation of immigrants who commit serious crimes in this country," we could not conclude that "the distinction between the two classes of aliens [was] irrational," and hence the distinction survived rational basis review.  Id. at 640.

Even if we have a different view about the wisdom of the distinction, these policy choices are for Congress.  DeSousa, 190 F.3d at 184-85.  Because there is a rational basis

for barring aliens like Vella who entered the United States as LPRs, from obtaining a waiver of inadmissibility, Vella's equal protection challenge to § 212(h) must fail.

III

For the foregoing reasons, we will deny the petition.