[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15424
Non-Argument Calendar
_____

Agency No. A018-229-818

DAVID SEBASTIAN-SOLER,
a.k.a. David Sebastian,

                                             Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                             Respondent.
_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 4, 2018)

Before JORDAN, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

    David Sebastian-Soler seeks review of the Board of Immigration Appeals'

denial of his motion to reopen his removal proceedings, and its denial of his

motion for reconsideration. We, however, lack jurisdiction to review either of these BIA decisions, and we therefore dismiss Mr. Sebastian-Soler's petition.

## I

This is not our first encounter with Mr. Sebastian-Soler. The background story of his arrival into and residence in the United States, as well as the events leading up to his removal proceedings, are laid out in our previous decision, in which we dismissed his appeal of a removal order against him by an Immigration Judge and the BIA. *See Sebastian-Soler v. U.S. Att'y Gen.*, 409 F.3d 1280, 1282 (11th Cir. 2005) (concluding that Mr. Sebastian-Soler was neither a citizen nor a national of the United States). We need not repeat those facts here.

Relevant to his present petition for review, Mr. Sebastian-Soler filed a motion to reopen his removal proceedings on April 10, 2017, nearly 14 years after the removal order against him became final on May 16, 2003. He argued that intervening authority from this Court, *see Lanier v. U.S. Att'y Gen.*, 631 F.3d 1363 (11th Cir. 2011), and the BIA, *see Matter of J-H-J*, 26 I&N Dec. 563 (BIA 2015), provided that he was statutorily eligible to seek adjustment of status and a waiver of inadmissibility under 8 U.S.C. § 1182(h), relief which, he argued, had not been recognized at the time of his initial removal proceedings.

2

On June 26, 2017, the BIA denied Mr. Sebastian-Soler's motion to reopen his removal proceedings. Mr. Sebastian-Soler filed a motion to reconsider, which the BIA denied on November 9, 2017. He now seeks review of both rulings.

## II

We review *de novo* our own subject-matter jurisdiction. *See Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). When appropriate, we review both the BIA's denial of a motion to reopen removal proceedings and its denial of a motion to reconsider for abuse of discretion. *See Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1220 (11th Cir. 2003); *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007).

## III

Mr. Sebastian-Soler filed his petition for review in this Court on December 7, 2017. The petition is timely in so far as it seeks review of the BIA's denial of his motion for reconsideration. *See* 8 U.S.C. § 1252(b)(1) (any petition for review of an order of removal "must be filed not later than 30 days after the date of the final order of removal").

The filing of a motion for reconsideration with the BIA, however, does not toll the 30-day period to petition this Court for review of the underlying BIA decision. *See Stone v. I.N.S.*, 514 U.S. 386, 394-95 (1995); 8 U.S.C. § 1252(b)(6). "[T]he statutory limit for filing a petition for review in an immigration proceeding

3

is mandatory and jurisdictional and not subject to equitable tolling." *Chao Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1045 (11th Cir. 2012) (internal quotations omitted). Thus, Mr. Sebastian-Soler's petition to this Court is untimely in so far as it challenges the denial of his motion to reopen his removal proceedings, which the BIA denied on June 26, 2017, and we lack jurisdiction to review that denial.

## IV

Although Mr. Sebastian-Soler's petition is timely in regards to the BIA's denial of his motion for reconsideration, we likewise lack jurisdiction to review that decision.

## A

The BIA may reopen removal proceedings either through its statutory or *sua sponte* authority. Under the Immigration and Nationality Act, an alien may file one statutory motion to reopen removal proceedings. *See* 8 U.S.C. § 1229a(c)(7)(A). This motion must be filed within 90 days of the entry of the final order of removal. *See id*. at § 1229a(c)(7)(C)(i). This deadline is non-jurisdictional, though, and is subject to equitable tolling under extraordinary circumstances. *See Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1361-64 (11th Cir. 2013) (en banc).

The BIA may also reopen removal proceedings under its *sua sponte* authority at any time. *See* 8 C.F.R. § 1003.2(a); *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1283 (11th Cir. 2016). But this authority is "an extraordinary remedy

4

reserved for truly exceptional situations." *In re G—D—*, 22 I&N Dec. 1132, 1134 (BIA 1999).

**B**

Mr. Sebastian-Soler filed his motion to reopen removal proceedings on April 10, 2017, almost 14 years after the BIA had entered its final order of removal. In denying the motion to reopen, the BIA concluded the motion was untimely under 8 U.S.C. § 1003.2(c)(2) and met none of § 1003.2(c)(3)'s statutory exceptions. *See* A.R. at 14. In denying Mr. Sebastian-Soler's motion for reconsideration, the BIA alternately concluded that his circumstances did not warrant equitable tolling. *See* A.R. at 3-4.

Mr. Sebastian-Soler argues that the intervening authority of *Lanier* and *Matter of J-H-J*, allowing for adjustment of status and waiver of inadmissibility applications under 8 U.S.C. § 1182(h), constitutes such extraordinary circumstances and warrants equitable tolling. Normally, we would have jurisdiction to hear an appeal from a decision of the BIA denying an alien's motion to reopen removal proceedings (or motion for reconsideration) under its statutory authority, including a decision not to apply equitable tolling to an untimely motion. *See Mata v. Lynch*, 135 S. Ct. 2150, 2154-55 (2015); 8 U.S.C. § 1252(b)(6).

But another statutory provision, 8 U.S.C. § 1252(a)(2)(C), provides that "[n]otwithstanding any other provision of law (statutory or nonstatutory) . . . no

court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed [an aggravated felony under 8 U.S.C. §] 1227(a)(2)(A)(ii)." This applies as well to motions to reopen removal proceedings and motions for reconsideration. *See Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1262 (11th Cir. 2003). An exception to this jurisdictional bar exists for "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).

Because the order of removal was based on Mr. Sebastian-Soler having been convicted of an aggravated felony, *see Sebastian-Soler*, 409 F.3d at 1283, the § 1252(a)(2)(C) jurisdictional bar applies unless Mr. Sebastian-Soler raised a constitutional claim or question of law in his motion for reconsideration or his petition for review before this Court. However, the two substantive challenges Mr. Sebastian-Soler makes are neither of these.

First, Mr. Sebastian-Soler argues it was factual and legal error for the BIA to consider his motion to reopen as requesting the BIA to *sua sponte* reopen his proceedings. But Mr. Sebastian-Soler confuses two important provisions. The source of the BIA's *sua sponte* authority comes from 8 C.F.R. § 1003.2(a), which provides that "[t]he Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." Thus, that authority is discretionary.

Another provision in the same chapter, § 1003.2(c), addresses motions to reopen under the BIA's statutory authority, which is non-discretionary, and

provides requirements for such motions. Contrary to Mr. Sebastian-Soler's assertions, § 1003.2(c) does not provide the BIA with any discretionary authority, nor does it address in any fashion the subject of equitable tolling. Instead, § 1003.2(c)(1)'s requirements apply to *timely-filed* motions to reopen, § 1003.2(c)(2) provides the 90-day window for filing such a motion, and § 1003.2(c)(3) provides statutory exceptions to that window. Nowhere in § 1003.2(c) is equitable tolling contemplated.

Thus, even though Mr. Sebastian-Soler's motion to reopen only explicitly addressed § 1003.2(c) (thus appearing to seek relief only under the BIA's statutory authority), it also repeatedly appealed to the BIA to exercise discretion and provide discretionary relief. The BIA did not err by thus construing the motion as seeking both statutory and *sua sponte* relief.

Second, as Mr. Sebastian-Soler recognizes, the BIA's authority to equitably toll the 90-day window is discretionary. The BIA's exercise of this discretionary authority is not a determination that raises a question of law or a constitutional claim. *See Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 957 (11th Cir. 2005). Nor has Mr. Sebastian-Soler presented evidence of extraordinary circumstances, or shown that the BIA abused its discretion in declining to equitably toll the 90-day window.

Because of the criminal alien jurisdictional bar, and because Mr. Sebastian-Soler does not raise any constitutional claims or questions of law in his motion for reconsideration or this petition for review, we lack jurisdiction to review the BIA's denial of his motion for reconsideration.

## C

Although Mr. Sebastian-Soler did not expressly request in his motion that the BIA reopen his removal proceedings under its *sua sponte* authority, the BIA did not err in understanding the motion to include an appeal for its *sua sponte* authority. In denying the motion, the BIA addressed the issue and found that "[u]nder the totality of the circumstances, we do not find that the respondent's case presents an exceptional situation that would warrant the Board's exercise of its discretion to reopen *sua sponte*."

In addition to the criminal alien bar discussed above which bars our review, we generally lack jurisdiction to review any decision of an IJ or the BIA when declining to exercise their discretionary *sua sponte* authority to reopen removal proceedings. *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008) ("[T]he BIA's decision whether to reopen proceedings on its own motion pursuant to 8 C.F.R. § 1003.2(a) is committed to agency discretion by law."). "[A]n appellate court *may* have jurisdiction over constitutional claims related to the BIA's decision not to exercise its *sua sponte* power." *Lenis*, 525 F.3d at 1294 n.7

(emphasis added). Mr. Sebastian-Soler, however, has not raised any constitutional claims regarding his removal proceedings or the BIA's denial of his motion to reopen those proceedings. Thus, we have no jurisdiction to review the BIA's decision not to exercise its *sua sponte* authority.

## V

Because we lack jurisdiction to review the BIA's denial of Mr. Sebastian-Soler's motion to reopen his removal proceedings and his motion for reconsideration, we dismiss his petition.

**PETITION DISMISSED.**