[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11811
Non-Argument Calendar

_____

Agency No. A072-853-428

OMAR PRIETO-DIAZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 1, 2021)

Before MARTIN, ROSENBAUM, and BRASHER, Circuit Judges.

PER CURIAM:

Omar Prieto-Diaz seeks review of the final order by the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. After careful review, we deny the petition.

**I.**

Prieto-Diaz, a native and citizen of Cuba, entered the United States in 1994. He adjusted his status to lawful permanent resident in 1995. In 1997, the Immigration and Nationality Service served Prieto-Diaz with a notice to appear, charging him with being removable because he was convicted of a crime involving moral turpitude, which was committed within five years of his admission to the United States and for which a sentence of one year or longer may be imposed. Prieto-Diaz applied for a waiver on grounds of excludability and for adjustment to permanent resident status pursuant to the Nicaraguan Adjustment and Central American Relief Act ("NACARA").

The immigration judge ("IJ") found that Prieto-Diaz was ineligible for a waiver under the Immigration and Nationality Act ("INA") § 212(h), 8 U.S.C. § 1182(h), and therefore denied his application for adjustment of status. The IJ determined, in relevant part, that Prieto-Diaz could not apply for adjustment under either the Cuban Adjustment Act ("CAA") or NACARA without a waiver because he had been convicted of crimes involving moral turpitude. The IJ then determined that Prieto-Diaz was ineligible for a § 212(h) waiver because he had

2

not lawfully resided continuously in the United States for seven years before the initiation of his removal proceedings.

Prieto-Diaz appealed to the BIA, arguing that the IJ erred in determining he was ineligible for relief under NACARA and ineligible for a waiver under § 212(h).  In April 2004, the BIA summarily affirmed the IJ's decision.

In August 2019, Prieto-Diaz filed a motion to reopen his removal proceedings.  He first argued that the IJ erred by pretermitting his application for a waiver under § 212(h) upon determining that he was admitted into the United States as a lawful permanent resident.  Prieto-Diaz explained he had never been admitted into the United States as a lawful permanent resident.  Rather, he was paroled in the United States and later adjusted status, all prior to his removable offense.  Thus, he said, the IJ's analysis was contrary to this Court's decision in Lanier v. U.S. Attorney General, 631 F.3d 1363 (11th Cir. 2011), and the BIA's decision in Matter of J-H-J-, 26 I & N Dec. 563 (BIA 2015).[1]  Prieto-Diaz then made two arguments to overcome the timing restrictions on his motion to reopen.[2]

---

[1] Lanier and Matter of J-H-J- held that a person who has adjusted status in the United States and who has not entered the United States as a lawful permanent resident is not barred from establishing eligibility for a waiver under § 212(h).  Lanier, 631 F.3d at 1366–67; Matter of J-H-J-, 26 I & N Dec. at 565.

[2] Motions to reopen generally must be filed within 90 days after the date of entry of the final administrative order.  See INA § 240(c)(7)(C), 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2).  The final administrative order in Prieto-Diaz's case was entered on April 27, 2004.

3

First, he said the BIA should reopen his case sua sponte because he was denied his statutory right to apply for adjustment of status with a waiver.  Second, he argued the BIA should equitably toll the time bar to file his motion to reopen given his recent discovery that he was eligible for a § 212(h) waiver.  He said he acted with reasonable diligence in pursuing his rights by seeking legal assistance "every few years."

The BIA denied Prieto-Diaz's motion to reopen, finding it untimely.  The BIA noted that the final decision in Prieto-Diaz's case was issued in April 2004 and the motion to reopen was not filed until August 2019.  It said Prieto-Diaz's reliance on attorneys to show he diligently pursued his rights was "unpersuasive" and inadequate "to justify the delay of years between the issuance of Lanier in 2011 (or even Matter of J-H-J- in 2015)" and the filing of the motion to reopen in 2019.  This petition followed.

## II.

We review the BIA's denial of a motion to reopen for abuse of discretion, limiting our review to whether the BIA's exercise of its discretion was arbitrary or capricious.  Sow v. U.S. Att'y Gen., 949 F.3d 1312, 1317 (11th Cir. 2020).  However, to the extent the BIA's denial of a motion to reopen was based on a legal determination, our review is de novo.  Li v. U.S. Att'y Gen., 488 F.3d 1371, 1374 (11th Cir. 2007) (per curiam).

4

### III.

Equitable tolling applies in the context of motions to reopen removal orders. Avila-Santoyo v. U.S. Att'y Gen., 713 F.3d 1357, 1364 (11th Cir. 2013) (en banc) (per curiam). "Generally, equitable tolling requires a litigant to show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Id. at 1363 n.5 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005) (considering equitable tolling in the habeas context)). The diligence required for equitable tolling purposes is "reasonable diligence," not maximum feasible diligence. Holland v. Florida, 560 U.S. 631, 653, 130 S. Ct. 2549, 2565 (2010). Prieto-Diaz argues the BIA abused its discretion in reaching its equitable tolling determination because it failed to consider the facts underlying his discovery of the impact of the Lanier and Matter of J-H-J- decisions on his case. He says the BIA "rigidly measured diligence" from both the entry of the 2004 removal order and the date Lanier was decided, which in turn violates Holland.

Even if the BIA's timeliness analysis was overly rigid,[3] the BIA did not abuse its discretion in finding Prieto-Diaz's motion to reopen was untimely.

---

[3] Prieto-Diaz urges us to follow cases from the Sixth, Seventh, and Tenth Circuits, which he says require the BIA to "consider all the facts behind [a petitioner's] claim of discovery of [a] fundamental change of law when deciding whether he was reasonably diligent" in light of the circumstances of his case. See Appellant's Br. at 16–20. We need not expressly reach the decision of whether to adopt the decisions of the other circuits based on the record before us. As

Prieto-Diaz relies on the fact that he sought the opinions of two different attorneys in 2006 and 2010. On the more recent occasion in 2010, Prieto-Diaz's attorney advised him that the only avenue to reverse the final order of removal was to vacate his criminal conviction. Prieto-Diaz's attorney moved to vacate the conviction, but the United States District Court for the Southern District of Florida denied the motion. See Prieto v. United States, No. 11-cv-20728-FAM, (S.D. Fla. Aug. 22, 2011), ECF No. 10. There is no evidence in the record to show that Prieto-Diaz took any other action—whether it be to contact an attorney, the BIA, "or anyone else for that matter"—to pursue his rights until he met with his current attorney in July 2018. See San Martin v. McNeil, 633 F.3d 1257, 1270 (11th Cir. 2011) (listing examples of actions that may qualify as diligent).

Reasonable diligence does not require Prieto-Diaz "to exhaust every imaginable option," but he must provide evidence that he made some reasonable efforts. Smith v. Comm'r, Ala. Dep't of Corr., 703 F.3d 1266, 1271 (11th Cir. 2012) (per curiam) (quotation marks omitted); see United States v. Watkins, 880 F.3d 1221, 1223, 1226 & n.2 (11th Cir. 2018) (per curiam) (upholding BIA's decision that petitioner failed to pursue her rights diligently because she "offered no explanation" for the three-year delay between issuance of the 2013 Supreme

---

explained below, we agree with the government that the BIA looked at the facts of Prieto-Diaz's case and found a lack of evidence of diligence.

Court case that was the basis for her motion to reopen her 2003 removal proceeding and her 2016 motion). Lanier was decided on February 4, 2011, and Matter of J-H-J- was decided May 12, 2015. Prieto-Diaz offered no evidence of his efforts to pursue his rights beyond 2015—much less 2011—to show reasonable diligence. We therefore deny Prieto-Diaz's petition.

**DENIED.**